## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| CHRISTY M. MORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | **JURY DEMAND** |
| STIVERS BROTHERS AUTOMOTIVE ) | |
| OF ALABAMA, INC., ) | |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit for relief from unlawful discrimination and termination of employment instituted pursuant to the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.,* and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.* Jurisdiction of this Court exists pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff Christy M. Morton ("Plaintiff") timely filed a charge of discrimination against defendant Stivers Brothers Automotive of Alabama, Inc. ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this suit within 90 days after receipt of her right-to-sue letter issued from the EEOC.

## II. PARTIES

3. Plaintiff is a citizen of the United States over the age of nineteen and a resident of Autauga County, Alabama.

4. Defendant is an Alabama corporation based in Prattville, Autauga County, Alabama.

## III. STATEMENT OF FACTS

5. Defendant owns and operates an automobile dealership in Prattville, Alabama (hereinafter "the dealership") and did so during the events of this case.

6. In or about in February of 2021, Plaintiff became employed by Defendant at the dealership.

7. Plaintiff is female.

8. Plaintiff was employed at the dealership as a lube tech and porter (moving the cars).

9. Plaintiff's supervisor was Hope Connor, Defendant's Service Manager at the dealership.

10. After Plaintiff became employed with Defendant, she began to experience episodic abdominal pains.

11. On or about June 11 2021, Plaintiff was having severe abdominal pains and went to the emergency room in Prattville.

12. Plaintiff was diagnosed with gall stones and acute cholecystitis, which is inflammation of gallbladder due to bile being trapped there.

13. Plaintiff was transferred via ambulance to a hospital in Montgomery.

14. Plaintiff notified Connor of her condition and her being transferred to a hospital in Montgomery.

15. On or about June 13, 2021, Plaintiff underwent a cholecystectomy, which is the surgical removal of the gallbladder.

16. On or about June 15, 2021, Plaintiff was released from the hospital with instruction that she not return to work until she saw her physician.

17. Plaintiff was given a follow up appointment with her physician for June 24, 2021.

18. Plaintiff advised Connor that she was taken off work until she saw her physician on June 24.

19. Connor told Plaintiff to get better and that she would see Plaintiff when she got back to work.

20. On or about June 24, 2021, Plaintiff saw her physician.

21. Plaintiff's physician took her off work until July 5, 2021.

22. Plaintiff notified Connor of this.

23. On or about July 5, Plaintiff still had pain and tenderness at her surgery site.

24. Plaintiff consulted her physician, who advised that she stay off work one more day.

25. Plaintiff notified Connor of this.

26. On or about July 6, 2021, Plaintiff returned to work.

27. Plaintiff worked about six hours and then Jim McCain, Defendant's General Manager of the dealership, terminated her.

28. McCain told Plaintiff that the reason was that her absence had not been due to a worker's compensation injury.

29. Plaintiff's absence did not put an undue hardship on Defendant's operation of its business.

30. Further, around the time of Plaintiff's absence, two male employees at the dealership had to take off work for surgery.

31. Neither occasion was due to a worker's compensation injury.

32. The males were not terminated but were allowed to return to work.

## IV. CAUSES OF ACTION

### COUNT I- ADA

33. Paragraphs 1-32 above are incorporated by reference.

34. Defendant was an employer as that term is contemplated under the ADA during the events of this case.

35. Plaintiff's cholecystitis and the subsequent removal of Plaintiff's gallbladder constituted physical impairments under the ADA and did so during her employ with Defendant.

36. Due to these impairments, Plaintiff was and is substantially limited with respect to the major life activity of the major bodily functions of her digestive and endocrine systems, including the operation of an individual organ within those systems: her gallbladder.

37. Plaintiff is and was during the events of this case disabled under the ADA.

38. Plaintiff was and is a qualified individual able to perform the essential functions of her position.

39. Plaintiff's request to be off work due to her cholecystitis and to recover from her cholecystectomy constituted a request for a reasonable accommodation for her disability under the ADA.

40. Defendant violated Plaintiff's rights under the ADA by terminating her employment (1) because of her disability (to include an actual disability, a record of a disability, and/or being regarded as having a disability); (2) as a result of Defendant's failure to provide a reasonable accommodation for her disability in not allowing her time off from work caused by it; and/or (3) in retaliation for Plaintiff's request for that accommodation for her disability.

41. Plaintiff pleads both a single-motive and mixed-motive theory.

42. Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

43. As a result of the above described discriminatory act, Plaintiff has been made to suffer lost wages and benefits, emotional distress, and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated the ADA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate the ADA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing her into the position she would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing lost back-pay and benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## TITLE VII

44. Paragraphs 1-32 above are incorporated by reference.

45. Defendant is and was at all times relevant to this complaint an employer as contemplated under the Title VII.

46. Defendant violated Plaintiff's rights under Title VII by terminating her employment because of her gender.

47. Plaintiff's gender was a motivating factor in Defendant's decision to terminate her.

48. Plaintiff pleads both a single-motive and mixed-motive theory.

49. Defendant, through its employees acting in a managerial capacity, either acted with malice or with reckless indifference to Plaintiff's federally protected rights.

50. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i)  That the Court issue an Order declaring that Defendant's acts as described herein violated Title VII;

(ii)  That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating her and placing her in the position she would have occupied in the absence of discrimination (or front-pay), providing back-pay with interest, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iii)  That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from further violation of Plaintiff's rights under Title VII;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate her for any adverse tax consequences as a result of a judgment in her favor;

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com


Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff